## Commonwealth ex rel. Jones, Appellant, *v.* Hersch.

Argued March 24, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

reargument refused July 7, 1958.

Before OLIVER, P. J.

Juanita Kidd Stout, Assistant District Attorney, with her James N. Lafferty, First Assistant District Attorney, and Victor H. Blanc, District Attorney, for appellant.

Irving R. Shull, with him Alfred I. Ginsberg and Bernard L. Lemisch, for appellee.

OPINION BY WOODSIDE, J., June 11, 1958:

This habeas corpus case is unique in so many ways, that there probably never was, and never will be again, anything like it. From reading the record, it is difficult to determine who was on trial for what—the police officer who arrested the prosecutor, or the prosecutor who arrested the police officer, or the police officer's superiors who may or may not have ordered the arrests of the prosecutor, or the police system which encouraged such arrests, or the magistrate who held the police officer for court, or the magistrates who discharged the prosecutor, or the district attorney's office which represented the convicted gambler against the police officer, or the counsel who brought the habeas corpus action against the magistrate before his client was in custody, or the judge who discharged the police officer, or the judges who did not sentence gamblers to jail, or the judges who held accused gamblers for court after the magistrates had discharged them. To attempt to thread our way through the maze of recorded criminations and recriminations, procedural novelties, and unfamiliar roles of the participants, would require an endless recitation of facts, statements of legal principles and dissertations on judicial philosophies, which would be hereafter quoted to the courts as authority in cases which could not possibly bear any similarity to the multiplicity of errors and contradictions found in this record.

Martin Pascuzzo, a convicted gambler, swore out a warrant for the arrest of a Philadelphia police officer for false imprisonment, after the police officer had arrested or participated with other officers in the arrest of Pascuzzo as a common gambler on four different occasions during 1956 and 1957. After each of these four arrests Pascuzzo was discharged by a magistrate on the gambling charges.

The police officer was given a hearing before a Philadelphia magistrate who, encouraged by an assistant district attorney who appeared and assisted the prosecutor, concluded: "It is my opinion in this case that this gentleman here, Pascuzzo, has an established restaurant . . . and if he was a common gambler he would not be in business . . . While I think it (presumably "it" was referring to the action of the police officer) wasn't meant to harass this man, I think he certainly was. I think it was overzealous on the officer's part. I will hold him for court in $300 bail."

Counsel for the officer had prepared a petition for a writ of habeas corpus *against the magistrate* having "anticipated" the magistrate's action. This he presented to the common pleas court *prior* to the preliminary hearing and received a court order returnable the afternoon of the preliminary hearing. The officer was, therefore, taken from the magistrate's hearing to the court's hearing. He had not entered bail, and was thus in custody. The court heard witnesses on the petition for the writ of habeas corpus, and before the afternoon had passed there appeared at the hearing two assistant district attorneys representing Pascuzzo against the police officer, private counsel for Pascuzzo, counsel for the defendant, the solicitor for the Board of Magistrates, and the counsel for the police commissioner. At the request of an assistant district attorney the court did not immediately dispose of the writ, but placed the relator in the custody of his lawyer and then at a later date *dismissed the writ* but *discharged the officer*.

The district attorney has appealed the order discharging the police officer. He contends that the court had no authority to discharge the defendant after having dismissed the writ. The writ, as the court noted in dismissing it, should not have been issued

against the magistrate, nor should it have been issued before the defendant was taken into custody. The record of the preliminary hearing before the magistrate shows that the relator was held on $300 bail for court, and that no bail was entered. The relator was taken from the magistrate's hearing to the court for the hearing on the writ, and, as we view the record, was then in custody.

Although the writ may have been issued too soon and against the wrong person, the purpose of the hearing on it was to determine whether the relator was properly in custody at that time, and since the court concluded that the relator was not legally in custody, and everybody who seemed to have even the remotest interest in the issue was represented at the hearing by counsel, we are of the opinion that there is no necessity to reverse the court below. If we were to reverse the order discharging the defendant, he would be required to enter bail, or to submit to custody, have a new writ issued and repeat the evidence at another hearing so that the lower court could again pass upon the same issue. Under the unusual circumstances of this case, we can see no necessity for such a proceeding.

Examination of the record satisfies us that the facts warranted the discharge of the defendant upon a proper writ of habeas corpus. In this connection the court below stated in its opinion as follows: "In this case an experienced officer in the Philadelphia police force, bearing an excellent reputation with his superior officers, either arrested, or participated in the arrest of, Martin Pascuzzo on four occasions in 1956 and 1957, on numbers charges and on the charge of being a common gambler. After the last arrest, Pascuzzo swore out a warrant charging Officer Jones with false imprisonment, averring that the officer 'did actually and unlawfully restrain and/or detain the deponent against his will.'

"A hearing was held before Chief Magistrate Hersch in which it appeared that the private prosecutor had a record of two convictions involving gambling in 1940 and 1950; that, in connection with one lottery charge, for which he was held for court in September, 1956, the officers had found numbers in his possession or on his premises; that he had acknowledged to Inspector Driscoll that he had been a numbers banker, although he claimed he had been out of that racket for two years (the period of the statute of limitations); that Officer Jones had been in Pascuzzo's restaurant 15 or 20 times, and had seen a numbers suspect going in and out of that restaurant many, many times, and that, on one occasion, this suspect had swallowed a capsule when the officer approached him; that, when Jones had arrested a barber in Pascuzzo's neighborhood on a numbers charge, Pascuzzo had said to him, 'I wish that I knew who is giving you that information around the neighborhood'; that Jones knew this barber to be 'one of Pascuzzo's men'; that Pascuzzo was known in the neighborhood and to the police as a numbers banker; that Inspector Driscoll had received numerous complaints about Pascuzzo's numbers activities; that, on June 14, 1957, the occasion of one of the arrests complained of by Pascuzzo, he grabbed a meat cleaver and threatened to use it on the officers if they dared to search the kitchen of his restaurant. Upon search a number of lottery slips were found. The magistrate before whom Pascuzzo was brought on that occasion held him on the charge of threats to kill, and allied charges. However, on the lottery charge the Assistant District Attorney appearing before the magistrate advised that Pascuzzo be discharged. The magistrate protested against that advice but in the end complied with it. There is now pending an application by the police department for the rearrest of Pascuzzo on that charge, but no action has been taken to date thereon.

"Certainly there was reasonable cause for the officer's arresting Pascuzzo. When he talked freely to Inspector Driscoll, Pascuzzo made no charge that he was being harassed. Also, in his testimony before Chief Magistrate Hersch he made no claim he was being harassed or that Officer Jones had acted maliciously."

Affirmed.